**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CHRISTOPHER R. KNOX**                                                        **PLAINTIFF**

**v.**                                                **No. 3:24-cv-229-MPM-JMV**

**UNIVERSITY OF MISSISSIPPI**                                     **DEFENDANT**

**ORDER**

This matter comes before the Court on Defendant University of Mississippi's Motion for Judgment on the Pleadings [28]. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

On August 8, 2024, Pro Se Plaintiff Christopher R. Knox filed a complaint against his former employer, Defendant University of Mississippi, alleging employment discrimination. Previously, on September 9, 2024, the University moved to dismiss for improper service of process. The University correctly contended that Mr. Knox's attempt to effectuate service by mailing the complaint and summons to the University's general counsel did not comport with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(j)(2); Miss. R. Civ. P. 4(d)(5). On April 1, 2025, this Court ruled that, although service was improper, Mr. Knox's status as a pro se litigant warranted leniency, and the Court granted Mr. Knox a forty-five-day extension to properly serve the University—with the condition that if he failed to do so, this Court would dismiss his case. [14]. The University now alleges that Mr. Knox has failed to perfect service during that time and moves for dismissal. Mr. Knox has not responded.

Mr. Knox has yet to perfect service, and the forty-five-day window has long since passed. Although Mr. Knox apparently attempted to perfect service by having a third-party hand-deliver the complaint and summons to the University's Office of General Counsel [20], this does not satisfy Rule 4. Mr. Knox was required to have process served on either the University's "chief executive officer," Fed. R. Civ. P. 4(j)(2)(A), or the "Attorney General of the State of Mississippi." Miss. R. Civ. P. 4(d)(5); Fed. R. Civ. P. 4(j)(2)(B). The University's Office of General Counsel is not the University's chief executive officer, nor is it authorized to accept service on that person's behalf. Thus, Mr. Knox's case must be dismissed. Fed. R. Civ. P. 4(m).

**ACCORDINGLY**, University of Mississippi's Motion for Judgment on the Pleadings [28] is **GRANTED.** This case is **DISMISSED**.

**SO ORDERED** this the 9th day of June, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI